UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| KEVIN JAMES REECE, #261570 | ) | |
| | ) | |
| v. | ) | NO. 2:09-CV-237 |
| | ) | |
| TENNESSEE DEPARTMENT OF CORR.; | ) | |
| GEORGE M. LITTLE; CHARLES BASS | ) | |
| CORR. COMPLEX; DWIGHT BARBEE, | ) | |
| Warden C.B.C.C.; and F/N/U HOWARD, | ) | |
| Cpl. and Transport C/O, C.B.C.C. | ) | |

## **MEMORANDUM and ORDER**

Proceeding *pro se* and *in forma pauperis*, Kevin James Reece, an inmate in the Northeast Correctional Complex in Mountain City, Tennessee, brings this civil rights action for monetary and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff is **ASSESSED** the filing fee of three hundred, fifty dollars ($350.00). The custodian of plaintiff's inmate trust account at the facility wherein he resides is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to plaintiff's account or

(2) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding month's income (or income credited to his account for the preceding month)

to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(a) and (b)(1) and (b)(2). All payments should be sent to: Clerk, USDC; 220 West Depot Street, Suite 200; Greeneville, TN 37743.

To ensure compliance with the fee-assessment procedures outlined above, the Clerk is **DIRECTED** to send copies of this order to the custodian of inmate trust accounts at the prison wherein the plaintiff is currently confined and to George Little, Commissioner of the Tennessee Department of Correction (TDOC).

In his complaint, plaintiff alleges that, on July 9, 2009, while he was shackled and handcuffed, defendant Cpl. Howard, a transportation officer at the Charles Bass Correctional Complex (CBCX) in Nashville, Tennessee, hit him in the back some four to five times with a 4-foot long, round, brown stick. Supposedly, this incident followed on the heels of plaintiff's refusal to sit down on the bus, until his request to see a medical staff member was honored. The request was prompted by plaintiff's realization, which occurred as he made his way down the aisle of the chain bus, that he was unable to sit down because he had an extreme amount of pain in his back.[1] Later, defendant Howard purportedly acknowledged that he had hit plaintiff with a stick, but denied hitting him hard, and said that he thought plaintiff was trying to make

---

[1] As the Court understands the pleading, plaintiff's placement on the chain bus was due to his need to go to Nashville to secure medical care for his back.

a scene and that he did not "realize how messed up [plaintiff's] back was."

Plaintiff filed this action against TDOC; George M. Little, the Commissioner of TDOC; CBCX; Dwight Barbee, the Warden of CBCX; and Cpl. Howard. He has sued the first and third defendants (TDOC and the CBCX ) because they have a duty "to provide a safe, healthy enviroment (sic) for inmates" and the second and fourth defendants (Commissioner Little and Warden Barbee) because they are required to "oversee the safety and care of inmates."

Aside from the question as to whether CBCX is a "person" subject to suit under § 1983 or whether the other three defendants enjoy Eleventh Amendment immunity from this suit for damages, it is clear that plaintiff is seeking to impose vicarious liability on these defendants based on their supervisory duties since he has not alleged that they participated directly in the incident on the chain bus.

Liability under § 1983, however, must be based on more than respondeat superior, or a defendant's right to control employees. *See Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir.1995); *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Absent some showing that defendants authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct, plaintiff has failed to state a § 1983 claim against them. Therefore, TDOC, CBCX, Commissioner Little, and Warden Barbee are **DISMISSED** as defendants in this

action. This lawsuit now contains only the allegations against defendant Howard.

This is noteworthy because a civil rights action may be filed in the judicial district in which any defendant resides, if all defendants reside in the same state or in which a substantial part of the acts or omissions giving rise to the claim occurred, 28 U.S.C. § 1391(b), and because a federal district court may transfer a civil action to any district or division where it could have been filed originally. 28 U.S.C. § 1404(a).

Apparently, the events which occasioned this lawsuit occurred on the chain bus at the Morgan County Correctional Facility in Morgan County, Tennessee—a facility which lies within the Eastern District. 28 U.S.C. § 123(a)(1). However, the sole remaining defendant works at the CBCX, in Davidson County, Tennessee, which lies within the Middle District. 28 U.S.C. § 123(b)(1). Presumably, he resides in that district also.

The Court therefore concludes that this case more properly belongs in the United States District Court for the Middle District of Tennessee.

Since the Court is authorized to transfer a case such as this to another District "in the interest of justice," 28 U.S.C. § 1406(a), in view of the foregoing, it is by the Court,

**ORDERED** that this action be transferred to the United States District Court for the Middle District of Tennessee, at Nashville, and

4

**DIRECTED** that the Clerk close this file.

Finally, plaintiff's motion for the appointment of counsel (Doc. 2) is one to be decided by the transferee court.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE